UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RYAN ESCHETE ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 16-3931** |
| **MCDERMOTT, INC. ET AL.** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion[1] filed by plaintiffs, Ryan Eschete ("Mr. Eschete") and Melissa Eschete ("Mrs. Eschete") (collectively, "the Eschetes"), to remand this matter to the 25th Judicial District Court for the Parish of Plaquemines. The Eschetes further move, pursuant to 28 U.S.C. § 1447(c), for the Court to assess costs and attorney's fees against the removing defendant, Chevron U.S.A. Inc. ("Chevron"). Chevron has filed an opposition.[2] For the following reasons, the Court concludes that the above-captioned action was wrongfully removed and should be remanded, but that the assessment of costs and attorney's fees against Chevron is inappropriate.

### BACKGROUND

The Eschetes commenced this lawsuit by filing their petition in state court on March 29, 2016.[3] Chevron timely removed[4] the action to this Court on April 29, 2016. Plaintiffs filed the present motion to remand on May 9, 2016.[5] For purposes of deciding plaintiffs' motion to remand,

---

[1] R. Doc. No. 10. The motion states that it was filed on behalf of Ryan Eschete, but when the filing attorney—who represents both Ryan Eschete and Melissa Eschete—electronically filed the motion, he selected the option indicating that the motion was filed on behalf of both plaintiffs. Furthermore, the motion addresses all of the claims asserted in the petition and speaks in collective terms. The Court accordingly construes it as having been filed on behalf of both plaintiffs.
[2] R. Doc. No. 14. The Eschetes then filed a reply. R. Doc. No. 17.
[3] R. Doc. No. 1-2, at 1.
[4] R. Doc. No. 1.
[5] R. Doc. No. 10.

the Court accepts as true all relevant allegations contained in the petition and construes all factual ambiguities in plaintiffs' favor. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1163–64 (5th Cir. 1988); *see also Kidd v. Southwest Airlines*, Co., 891 F.2d 540, 542 (5th Cir. 1990) ("In cases that have been removed to federal court, the plaintiff's complaint rather than the removal petition must establish federal jurisdiction."). The following relevant allegations are taken from the Eschetes' state court petition.

The Eschetes' petition states that it invokes the state court's "admiralty subject matter jurisdiction set forth under 28 U.S.C. [§] 1333 (admiralty)."[6] It further declares that "[t]his is an admiralty and maritime suit brought in accordance to the savings-to-suitors clause 28 U.S.C. § 1331(1) and pursuant to Louisiana Code of Civil Procedure Article 17:32(6)."[7] With respect to factual allegations, the petition alleges that Mr. Eschete was a seaman who performed maritime work for the defendants on various vessels.[8] Mr. Eschete claims to have worked for non-parties US Welders, South Star, and Team Players, and he states that as part of that employment he was assigned to vessels owned and operated by defendants, McDermott, Inc. ("McDermott") and Technip USA, Inc. ("Technip").[9] The petition states that he "was a member of the crew" of those vessels and that he "contributed to the mission of the vessels [sic] work by assisting in the general maintenance, refurbishment, repair, operation and performance of the vessels as well as other duties assigned to him aboard the vessels."[10]

The petition alleges that Mr. Eschete "performed work for McDermott, and Technip, on its Jack up rigs on offshore locations in the Gulf of Mexico, as well as, tug boats and barges from

---

[6] R. Doc. No. 1-2, at 2.
[7] R. Doc. No. 1-2, at 2.
[8] R. Doc. No. 1-2, at 2.
[9] R. Doc. No. 1-2, at 2.
[10] R. Doc. No. 1-2, at 2.

approximately 1994 to 2001."[11] The petition identifies several vessels owned by McDermott and Technip on which Mr. Eschete allegedly worked.[12] It states that, while employed by these two defendants, Mr. Eschete "worked as a rigger, and performed welding, maintenance, cleaning, painting and chipping, engine repairs, pump work, repaired fuel lines, and loaded and unloaded fuel on the vessels, such as, Jack up rigs, tug boats, barges and other vessels."[13] During the relevant period, Mr. Eschete claims that he was exposed to "hazardous crude oil, diesel fuel, leaks, gasoline, solvents, and natural gas and natural gas condensate."[14] He avers that he had no knowledge or reason to believe that these materials were dangerous, but that his inhalation of benzene vapors and dermal exposure to benzene and benzene-containing substances caused him to suffer various injuries, including the development of Acute Myeloid Leukemia, or "AML."[15]

The Eschetes allege that the vessels on which Mr. Eschete worked were unseaworthy and that McDermott and Technip, the "Jones Act employers of Mr. Eschete," were negligent.[16] They claim that McDermott and Technip "are strictly liable pursuant to the United States Admiralty laws, all laws of the United States, [and] alternatively all of the laws of the State of Louisiana."[17] The Eschetes further aver that Mr. Eschete is entitled to maintenance and cure,[18] and that McDermott and Technip's negligence renders them liable under the Jones Act.[19]

With respect to Chevron, the petition alleges that "[i]n the course of Mr. Eschete's work salvaging pipes containing Chevron Products, he was exposed to benzene and benzene containing

---

[11] R. Doc. No. 1-2, at 3.
[12] R. Doc. No. 1-2, at 3.
[13] R. Doc. No. 1-2, at 3.
[14] R. Doc. No. 1-2, at 3.
[15] R. Doc. No. 1-2, at 3.
[16] R. Doc. No. 1-2, at 4.
[17] R. Doc. No. 1-2, at 6.
[18] R. Doc. No. 1-2, at 6-7.
[19] R. Doc. No. 1-2, at 7.

products at all material times which were owned and/or operated and/or supervised by Chevron."[20] The Eschetes claim that Chevron was negligent for failing to provide a safe workplace and that Chevron's products were defective, and that Chevron should therefore be held strictly liable under a products liability theory.[21]

## STANDARD OF LAW

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno*, 276 F.3d at 723. The burden of proof is "by a preponderance of the evidence." *Young v. United States*, 727 F.3d 444, 446 (5th Cir. 2013). To determine whether the Court has jurisdiction, the Court considers the claims in the state court petition as they existed at the time of removal. *Manguno*, 276 F.3d at 723. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.*

## DISCUSSION

### I. The Parties' Arguments

The basis for the Eschetes' motion to remand is simple. They claim that because their state court petition alleges a Jones Act claim as well as a general maritime law claim and invokes the

---

[20] R. Doc. No. 1-2, at 8.
[21] R. Doc. No. 1-2, at 9-11.

saving-to-suitors clause incorporated in 28 U.S.C. § 1333, this action is not removable.[22] Chevron argues in response that this action is removable for several reasons.

First, Chevron asserts that the Eschetes' petition asserts a cause of action against Chevron under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, *et seq.* ("OCSLA"), and that the OCSLA claim against Chevron is removable even if the Jones Act claim against McDermott and Technip is not.[23] Second, Chevron argues that, even if the petition does not invoke OCSLA, this lawsuit is nevertheless removable because the petition states claims under general maritime law as well as claims under the Jones Act.[24] Although this Court has repeatedly concluded otherwise,[25] Chevron argues that the 2011 amendments to 28 U.S.C. § 1441 rendered general maritime law cases removable.[26] Third, Chevron avers that the petition does not actually state a Jones Act claim against McDermott and Technip, and that the Eschetes therefore cannot invoke the saving-to-suitors clause.[27] Accordingly, Chevron alleges that that the entire above-captioned matter is removable on the basis of diversity jurisdiction.[28] Finally, Chevron argues that even if this matter

---

[22] R. Doc. No. 10, at 3-4.
[23] R. Doc. No. 14, at 5.
[24] R. Doc. No. 14, at 6.
[25] *See, e.g.*, *Par. v. Rozel Operating Co.*, No. 13-6722, 2015 WL 403791, at *4 (E.D. La. Jan. 29, 2015) (Africk, J.) ("Accordingly, admiralty jurisdiction does not provide an independent basis for removal of this lawsuit."); *Gregoire v. Enter. Marine Servs., LLC*, 38 F. Supp. 3d 749, 764 (E.D. La. 2014) (Duval, J.) ("[T]he removal of this language [by the 2011 amendments] in no way modified the long-standing rule that general maritime law claims require some other non-admiralty source of jurisdiction to be removable."); *Perrier v. Shell Oil Co.*, No. 14-490, 2014 WL 2155258, at *3 (E.D. La. May 22, 2014) (Zainey, J.) ("[T]his Court remains persuaded that maritime claims brought in state court are not removable in the absence of diversity jurisdiction.").
[26] R. Doc. No. 14, at 6.
[27] R. Doc. No. 14, at 8.
[28] R. Doc. No. 14, at 8. The Eschetes do not challenge Chevron's assertion that complete diversity exists in this matter.

5

is not removable, costs and attorney's fees should not be assessed against Chevron because there are several objectively reasonable bases for removal.[29]

## II. Analysis

Chevron's notice of removal asserts three potential bases for subject matter jurisdiction: (1) OCSLA, (2) general maritime law, and (3) diversity. Because the removal analysis is also affected by whether the Eschetes' petition asserts a claim under the Jones Act—a conclusion that Chevron disputes—after first addressing the OCSLA claim, the Court will address the Jones Act claim and then removability on the basis of general maritime law and diversity jurisdiction.

### a. Removal was improper on the basis of OCSLA

"If the Court has jurisdiction under OCSLA, as [Chevron] maintains, then removal of the action was proper, for it is now settled that where OCSLA jurisdiction exists, a defendant may remove on the basis of federal question jurisdiction even if general maritime law provides the substantive law." *Freeman v. Phillips 66 Co.*, No. 14–311, 2014 WL 1379786, at *1 (E.D. La. Apr.8, 2014) (Engelhardt, J.) (citing *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 223 (5th Cir. 2013)). Because federal question jurisdiction exists over an OCSLA claim,[30] 28 U.S.C. § 1441(c) permits removal of the OCSLA claim even if it is joined with a claim "that has been made nonremovable by statute," such as the Eschetes' Jones Act claim. *See Rawls v. Phillips 66 Co.*, No. 14-602, 2014 WL 2003104, at *1 (E.D. La. May 15, 2014) (Africk, J.) ("However, § 1441(c) provides for a procedure by which actions including both a Jones Act claim and a federal question claim may be removed, subject to severance and remand of the Jones Act claim."). Upon removal of such an action, the Court is required to sever and remand the nonremovable claims. *Id.*; 28

---

[29] R. Doc. No. 14, at 10.
[30] 43 U.S.C. § 1333.

U.S.C. § 1441(c)(2). However, for the following reasons, the Court concludes that the Eschetes' petition does not state a claim pursuant to OCSLA.

A plaintiff does not need to expressly invoke OCSLA in order for OCSLA jurisdiction to attach. *Barker*, 713 F.3d at 213. "To determine whether a cause of action arises under OCSLA, the [U.S. Court of Appeals for the Fifth Circuit] applies a but-for test, asking whether: (1) the facts underlying the complaint occurred on the proper situs; (2) the plaintiff's employment furthered mineral development on the [Outer Continental Shelf ("OCS")]; and (3) the plaintiff's injury would not have occurred but for his employment." *Id.*[31]

The Fifth Circuit has made clear that OCSLA covers, among other situses, a device "permanently or temporarily attached to the seabed [of the OCS] . . . for the purpose of exploring for, developing, or producing resources therefrom." *Barker*, 713 F.3d at 213 (quoting 43 U.S.C. § 1333(a)(1)). The OCS is defined to include all submerged lands lying seaward and three miles outside state waters, "and of which the subsoil and seabed appertain to the United States and are subject to its jurisdiction and control." 43 U.S.C. §§ 1331(a), 1301(a); *see also Roy v. Ardent Companies, Inc.*, No. 15-00196-BAJ, 2015 WL 4135781, at *2 (M.D. La. July 8, 2015). "A jack-up rig attached to the Outer Continental Shelf . . . qualifies as [an OCSLA situs]." *Barker*, 713 F.3d at 213 (citation omitted).[32]

---

[31] The Fifth Circuit also formulates the test as a two-prong inquiry. *See In re DEEPWATER HORIZON*, 745 F.3d 157, 163 (5th Cir. 2014) ("Courts typically assess jurisdiction under this provision in terms of whether (1) the activities that caused the injury constituted an 'operation' 'conducted on the [O]uter Continental Shelf' that involved the exploration and production of minerals, and (2) the case 'arises out of, or in connection with' the operation.").

[32] A jack-up rig is a type of vessel. *Barker*, 713 F.3d at 215. It is towed to a location and its extendable legs are "jacked" down to the ocean floor for support, "allowing the work area to be raised . . . above the water level." *United States v. Kaluza*, No. 12-265, 2013 WL 6490341, at *3 (E.D. La. Dec. 10, 2013), *aff'd in part*, 780 F.3d 647 (5th Cir. 2015) (citation omitted).

Chevron argues that the Eschetes' petition clearly satisfies the third prong of the OCSLA test because it claims that the injury would not have occurred but for Mr. Eschete's employment.[33] Chevron asserts that the second prong is satisfied because the petition alleges that Mr. Eschete salvaged pipes containing Chevron products that were located in the Gulf of Mexico,[34] and such activity "necessarily relates to Chevron's offshore drilling and mineral exploration operations."[35] Finally, with respect to the situs requirement, while Chevron acknowledges that it is "impossible to determine whether or not [Mr. Eschete's] work took place more than three miles from the coastline,"[36] it states that "all of the sites identified by Plaintiffs are each a potential OCSLA situs."[37] Chevron contends that "[g]iven the nature of Mr. Eschete's alleged work, *i.e.* salvaging of [pipes containing Chevron products], it can only be presumed that the jack-up rigs were attached to the OCS while he performed this work."[38]

In response, the Eschetes aver that Mr. Eschete never salvaged such pipes further than three miles from shore and, therefore, the situs requirement for OCSLA jurisdiction is not met.[39]

---

[33] R. Doc. No. 14, at 3.
[34] The petition is unclear as to whether the Eschetes allege that Chevron owned the actual pipes salvaged by Mr. Eschete or only the material contained in the pipes. However, during a telephone status conference held on June 21, 2016, plaintiffs and Chevron agreed that the allegations are that Chevron owned the materials contained in the pipes. R. Doc. No. 20. Plaintiffs are not currently alleging that the pipes themselves were owned by Chevron. *Id.* Also during the conference, plaintiffs and Chevron agreed that the petition alleges that Mr. Eschete was part of a salvage operation involving the transportation of pipes as described in the petition. *Id.* While Mr. Eschete may have performed other jobs in the salvage operation, plaintiffs were not alleging the performance of such as of the date of the status conference. *Id.*
[35] R. Doc. No. 14, at 3.
[36] R. Doc. No. 14, at 1 n.1.
[37] R. Doc. No. 14, at 4.
[38] R. Doc. No. 14, at 4.
[39] R. Doc. No. 17, at 1.

Furthermore, the Eschetes dispute whether the salvaging of pipes can be considered employment that furthers mineral development on the OCS.[40]

In order to determine whether the Court has jurisdiction, the Court considers the claims in the state court petition as they existed at the time of removal. *Manguno*, 276 F.3d at 723. While this Court may look to certain "other paper" to clarify the nature of the claims asserted in the petition, *Eggert v. Britton*, 223 F. App'x 394, 397 (5th Cir. 2007), the Court will not accept as true unsworn factual assertions contained only in defendant's opposition brief. *See Freeman*, 2014 WL 1379786, at *2 (considering, in the context of a motion to remand, only the factual allegations in the petition and those gleaned from deposition testimony); *Patlan v. Apache Corp.*, No. 1:09-CV-926, 2010 WL 2293272, at *4 (E.D. Tex. May 11, 2010) *report and recommendation adopted*, No. 1:09-CV-926, 2010 WL 2293275 (E.D. Tex. June 3, 2010) (concluding, in the same context, that the defendant's jack-up rig was "jacked up" only after the defendant filed a sworn affidavit asserting the same); *Nase v. Teco Energy Inc.*, 347 F.Supp.2d 313, 318 (E.D. La. 2004) (Vance, J.) (deciding, in the same context, that OCSLA jurisdiction existed only where facts not contained in the petition were established through the plaintiff's deposition testimony).

To support its argument for removal, Chevron relies on at least two factual allegations that are not contained in either the petition, an affidavit, or deposition testimony: (1) that the jack-up rigs on which Mr. Eschete worked were "jacked up" during the period in which Mr. Eschete took part in the salvage operations, and (2) that the salvage operations took place at least three miles from shore, on the OCS.

The first factual allegation is necessary because a jack-up rig temporarily attached to the OCS falls within OCSLA. *See Baloney v. Ensco Offshore Co.*, 570 F. App'x 423, 425 (5th Cir.

---

[40] R. Doc. No. 17, at 1.

9

2014); *Barker*, 713 F.3d at 213 ("A jack-up rig attached to the Outer Continental Shelf (like the one at issue in this case) qualifies as . . . a proper OCSLA situs."); *Demette v. Falcon Drilling Co.*, 280 F.3d 492, 499 (5th Cir. 2002) *overruled on other grounds by Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778 (5th Cir. 2009) (citation omitted) ("[O]ur holding in [a previous case] implicitly supports the holding that a jacked-up rig is an OCSLA situs."). The second factual allegation is required because, as explained above, OCSLA jurisdiction only exists where the activity at issue occurred on the OCS. *See* 43 U.S.C. § 1333(a)(1).

Both of those factual allegations must be present in the record to establish OCSLA jurisdiction. *See Freeman*, 2014 WL 1379786, at *2 (remanding where "neither the petition nor the deposition testimony supports a finding that the relevant facts occurred in connection with operations on the [OCS] as opposed to operations in state waters within the three-mile limit."). Looking only at the Eschetes' state court petition, the Court finds nothing to indicate that the jack-up rigs and other vessels on which Mr. Eschete worked were permanently or temporarily attached to the seabed during the relevant time period. Similarly, there are no details in the petition indicating that Mr. Eschete's exposure occurred in connection with operations on the OCS as opposed to operations in state waters within the three-mile limit. In their reply brief, the Eschetes aver that the petition did not include that information because "Mr. Eschete did not salvage pipe greater than three miles away from shore."[41]

In short, Chevron has provided the Court with no evidence that the situs requirement for OCSLA jurisdiction has been met. This Court has held that under such circumstances, Chevron's OCSLA claims are tantamount to "sheer speculation" and, as such, Chevron has not carried its burden of establishing OCSLA jurisdiction by a preponderance of the evidence. *See Freeman*,

---

[41] R. Doc. No. 17, at 1.

2014 WL 1379786, at *2 (remanding because, "[w]hile it is possible that certain of the plaintiff's alleged exposures occurred on an OCSLA situs, it is equally likely that all the plaintiff's alleged exposures occurred on rigs in state waters"). This basis for removal is rejected.

### b. The Eschetes' petition states a Jones Act claim

It is undisputed that Jones Act claims are generally nonremovable as a matter of statutory law. 46 U.S.C. § 30104 (incorporating by reference the Federal Employers Liability Act's bar on removal, 28 U.S.C. § 1445(a)); *see Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001) (holding that § 1445(a) prevents removal of claims under the Jones Act even in the presence of diversity jurisdiction); *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993) ("It is axiomatic that Jones Act suits may not be removed from state court."). The only exception to this rule is when a plaintiff's Jones Act claims are found to have been fraudulently pleaded. *Zertuche v. Great Lakes Dredge & Dock Co.*, LLC, 306 F. App'x 93, 94 (5th Cir. 2009). Interestingly, however, Chevron does not argue the fraud exception. Instead, Chevron only argues that it is not clear from the face of their pleading that the Eschetes intend to pursue a Jones Act claim against Technip and McDermott.

But the Eschetes' state court petition clearly intends to assert a claim under the Jones Act. It states that Mr. Eschete was a seaman, alleging that he "was a member of the crew" of Technip and McDermott's vessels and that he "contributed to the mission of the vessels."[42] This description obviously mimics the language the U.S. Supreme Court adopted in *Chandris, Inc. v. Latsis*, which set forth the test for seaman status under the Jones Act. *See* 515 U.S. 347, 354, 368 (1995) (holding that, in order to be considered a seaman, an employee's duties must "contribute to the function of the vessel or to the accomplishment of its mission"). Even more explicitly, the petition actually

---

[42] R. Doc. No. 1-2, at 2.

11

refers to McDermott and Technip as Mr. Eschete's "Jones Act employers. . . at all relevant times of his exposure,"[43] and it states that "[t]he defendants' commission and omission of negligent acts were in violation of *the Jones Act* and General Maritime Law of the United States."[44]

Chevron argues that "these references alone do not overcome the fact that Plaintiffs' Original Petition is inconsistent with any notion that Mr. Eschete is bringing claims against the vessel owners under the Jones Act rather than the doctrines of unseaworthiness and maintenance and cure or the general maritime law."[45]  But as Chevron recognizes, it is not at all uncommon for a plaintiff to bring claims for unseaworthiness, maintenance and cure, general maritime law, and the Jones Act in the same lawsuit. *See, e.g.*, *McBride v. Estis Well Serv., L.L.C.*, 768 F.3d 382, 389 (5th Cir. 2014) (internal quotation and citation omitted) (noting that "both the Jones Act and the unseaworthiness remedies are additional to maintenance and cure: the seaman may have maintenance and cure and also one of the other two"); *Brister v. A.W.I., Inc.*, 946 F.2d 350, 361 (5th Cir. 1991) ("A maintenance and cure claim typically accompanies other claims, such as the Jones Act and unseaworthiness claims in this case, which allow for a more liberal recovery.").

While not the model of clarity, the Eschetes' petition is sufficiently clear regarding their intention to assert a Jones Act claim against Technip and McDermott.  Furthermore, any ambiguities in the petition must be construed against removal.  *Manguno*, 276 F.3d at 723.  Accordingly, the Court concludes that the petition adequately invokes the Jones Act and—irrespective of the removability of the remaining claims—that claim must be remanded.[46]

---

[43] R. Doc. No. 1-2, at 4.
[44] R. Doc. No. 1-2, at 7 (emphasis added).
[45] R. Doc. No. 14, at 9.
[46] Although the statutory bar to removal of the Eschetes' Jones Act claim may be waived, *Lirette v. N.L. Sperry Sun, Inc.*, 820 F.2d 116, 117–18 (5th Cir. 1987), the Eschetes have not done so.

### c. The petition is not removable on the basis of general maritime law or diversity

Because the Court has already determined that the Eschetes' state court petition does not state a claim under OCSLA, Chevron's only potential remaining bases for subject matter jurisdiction are general maritime law and diversity. But even if the 2011 amendments to 28 U.S.C. § 1441 rendered a general maritime law claim removable—a view that this Court has rejected in multiple cases[47]—28 U.S.C. § 1441(c) prevents removal of such claims when asserted in conjunction with a Jones Act claim. As previously explained, Jones Act claims are nonremovable as a matter of statutory law. When such a nonremovable claim is asserted, removal of the remaining claims is governed by 28 U.S.C. § 1441(c), which provides:

> **(c) Joinder of Federal law claims and State law claims.—(1)** If a civil action includes—
>
> **(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> **(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> **(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

As this Court recently recognized in a similar case, section 1441(c)(1)(A) permits removal of an otherwise removable claim "only where the otherwise removable claim is one that falls within the federal question jurisdiction conferred by 28 U.S.C. § 1331." *Rawls*, 2014 WL 2003104, at *1 (quoting *Freeman*, 2014 WL 1379786, at *3–4). It is elementary law that federal

---

[47] *See supra* note 25.

courts have original jurisdiction over general maritime law claims pursuant to 28 U.S.C. § 1333, not pursuant to 28 U.S.C. § 1331. *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991) ("Emphatically, claims in admiralty, whether designated in rem or in personam, do *not* fall within this category.") (emphasis in original). It is equally clear that diversity jurisdiction is authorized pursuant to 28 U.S.C. § 1332.

Because none of the "otherwise removable claims" in this matter fall within the federal question jurisdiction conferred by 28 U.S.C. § 1331, they are not removable.[48] *See Hopkins v. Dolphin Titan Int'l, Inc.*, 976 F.2d 924, 926 (5th Cir. 1992) ("A Jones Act claim filed in state court, however, generally is not removable despite an independent basis of federal jurisdiction unless the Jones Act claim is joined with a separate and independent claim that is within our federal question jurisdiction."); *Alexander v. Magnolia Marine Transp. Co.*, No. 14-2795, 2015 WL 1298394, at *2 (E.D. La. Mar. 19, 2015) (Duval, J.) (agreeing with the court in *Marvin v. American Export Lines, Inc.*[49] that "where a state court suit contains a claim that is statutorily non-removable [e.g. a Jones Act claim] and there is no federal question jurisdiction, removal is unavailable");

---

[48] The rule was well summarized in *Day v. Alcoa S.S. Co.*, No. 14-00317, 2014 WL 4924363, at *4 (M.D. La. Sept. 30, 2014) (Jackson, C.J.):

> Section 1441(c) permits removal of a "claim" not within the original or supplemental jurisdiction of the district court, or a "claim" that has been made non-removable by statute, when joined with "a claim arising under the Constitution, laws, or treaties of the United States." The pre-amendment version of § 1441(c) required, and the post-amendment versions of § 1441(c) still requires, that the "civil action" include "a claim" within the meaning of § 1331 to remove a statutorily non-removable "claim" which is part of that civil action. This court cannot exercise removal jurisdiction without a legal basis on which to remove the entire state court case—"a civil action." Because the plaintiff's state court suit is not removable due to the inclusion of his properly pled Jones Act claim and the absence of a federal question claim, the plaintiff's arguments concerning removal of general maritime claims do not need to be addressed.

[49] 2014 WL 4924341 (M.D. La. Sept. 30, 2014).

*Unterberg v. Exxon Mobil Corp.*, No. CIV. 14-00181 JMS, 2014 WL 3420779, at *5 (D. Haw. July 10, 2014) (quoting *Lewis*, 531 U.S. 438, 455) (observing, in the context of remanding the plaintiff's state law, general maritime, and Jones Act claims despite complete diversity, that: "Regardless of whether an admiralty or maritime claim is removable after the 2011 Amendments, it remains clear -- given [§] 1445(a) -- that a state action alleging a Jones Act claim is 'not subject to removal to federal court even in the event of diversity of the parties'"); *In re Waterman S.S. Corp.*, No. 91-1491, 1992 WL 124819, at *1 (E.D. La. June 4, 1992) (Sear, J.) ("Although claims asserted under the general maritime law for unseaworthiness are removable when complete diversity exists, they cannot be removed when combined with a claim under the Jones Act.").

### d. Assessing costs and attorney's fees against Chevron is unwarranted

Finally, the Court concludes that even though removal was improper, the Eschetes are not entitled to costs and attorney's fees under 28 U.S.C. § 1447(c). The U.S. Supreme Court has held that absent unusual circumstances, courts may award costs and fees under § 1447(c) only where the removing party lacked an "objectively reasonable basis" for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Chevron contends that it had multiple objectively reasonable bases for removing this action, and the Court agrees with respect to at least one of those bases.

The lack of detail in the Eschetes' complaint regarding the situs of defendants' allegedly negligent acts, while not impermissible, was nonetheless sufficiently imprecise to render Chevron's argument for removal on the basis of OCSLA objectively reasonable. *See id.* ("[A] plaintiff's . . . failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees."). Accordingly, because Chevron had at least one objectively reasonable

basis for removing this action, the reasonableness of Chevron's remaining arguments for removal is irrelevant.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Eschetes' motion is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** insofar as this action is **REMANDED** to the 25th Judicial District Court for the Parish of Plaquemines. The motion is **DENIED** with respect to the Eschetes' request for costs and attorney's fees.

New Orleans, Louisiana, June 22, 2016.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**